## UNITED STATES v. WUERSTLE.

(District Court, W. D. New York. June 11, 1926.)

1. **Intoxicating liquors** ⟨⇌248—Affidavit to purchase of colored distilled spirits in soft drink saloon held sufficient showing of probable cause for issuance of search warrant (National Prohibition Act, tit. 2, § 1 [Comp. St. Ann. § 10138½]).

Affidavit that deponent purchased two drinks of colored distilled spirits, which he ordered from bartender in soft drink saloon, *held*

sufficient showing of probable cause for issuance of search warrant, in view of definition of intoxicating liquor embodied in National Prohibition Act, tit. 2, § 1 (Comp. St. Ann. Supp. 1923, § 10138½).

2. **Criminal law** ⟨⇌224, 234.

Defendant, charged with violation of National Prohibition Act (Comp. St. Ann. § 10138¼ et seq.) *held*, under Act Aug. 18, 1894, § 1 (Comp. St. Ann. § 1678), entitled to hearing before commissioner, with right to examine person on whose affidavit search warrant was issued.

Michael Wuerstle is charged with violation of National Prohibition Act. On motion to suppress evidence. Motion denied in part, with order for rehearing before commissioner.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Percy R. Smith, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

Anthony Johnson, of Dunkirk, N. Y., for defendant.

HAZEL, District Judge. [1] 1. The affidavit upon which the search warrant was issued sufficiently stated probable cause for its issuance. It was a sale of colored, distilled spirits, and presumably was intoxicating liquor within the definition embodied in section 1, tit. 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½), where intoxicating liquor is specifically referred to by name and the words, "and in addition thereto any spirituous, vinous, malt, or fermented liquor * * * and by whatever name called," etc. Although the averment that deponent purchased two drinks of colored, distilled spirits was a conclusion, yet the language following, embodying a statement of fact, that deponent ordered said liquor from a bartender, and that part of the liquor was on the person of the defendant, and that the place was a so-called soft drink place or saloon, permits an inference upon the character of the beverage sold. Lewinsohn v. U. S. (C. C. A.) 278 F. 421. In that case, it is true, affiant asked for whisky and received whisky, but a drink of colored, distilled spirits is ordinarily recognized as a whisky beverage. In Giles v. U. S. (C. C. A.) 284 F. 208, the affidavit averred an illegal purchase and sale of intoxicating liquor in a drug store, which I conceive to be essentially different from an allegation alleging a sale of liquor from a bartender who had obtained the liquor, or part of it, from the pocket of the proprietor of the soft drink room or saloon. It was not necessary that he should have tasted or smelled the liquor, or that he heard it designated as whisky, since, as here-

tofore stated, colored, distilled spirits commonly comes within that classification.

[2] 2. Defendant should have been taken before the commissioner. Chapter 301, § 1, of the Act of August 18, 1894 (Comp. St. § 1678). He should have been taken before the commissioner at Dunkirk, and he was entitled to a hearing before such commissioner; and, moreover, defendant had the right to examine the person upon whose affidavit the search warrant was issued. I think the search warrant was rightly executed by one Dodd, a federal prohibition agent, assisted by another person, but, as no evidence was adduced that the beer found was intoxicating, the charge of possession should be dismissed. A further hearing, however, may be had, as requested by the government, before the commissioner at Dunkirk, the place where defendant is located, as to the sale of the distilled spirits.

Other points urged for vacating the search warrant have been examined, and are deemed insufficient grounds for doing so.

An order for rehearing as herein indicated is granted.